IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| ERIC HENLEY, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 2:12-CV-263 |
| | ) |
| CITY OF JOHNSON CITY, TENNESSEE *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This civil action is before the court for consideration of "Defendant State of Tennessee's Motion to Dismiss" [doc. 10] and "Defendant Johnson City's Motion to Dismiss" [doc. 15]. Plaintiffs have responded to the motions [docs. 18, 17], and defendants have submitted reply briefs [docs. 21, 22]. Oral argument is unnecessary, and the motions are ripe for the court's determination. For the reasons that follow, both motions will be granted, and this case will be dismissed.

I.

*Background*

According to the allegations in the complaint, plaintiffs are residents of Gray, Tennessee. Certain of the plaintiffs have already had property annexed by the City of Johnson City, Tennessee, while plaintiff Eric Henley owns property that is in an area

intended to be annexed by Johnson City.[1]  Plaintiffs have brought their complaint pursuant to 42 U.S.C. § 1983 challenging the annexation statute, Tennessee Code Annotated § 6-58-111, as being unconstitutionally vague, and they also seek injunctive relief.  In addition, plaintiffs ask the court to declare null and void the annexation of plaintiffs' property that has occurred.

II.

*Standard of Review*

Defendants' motions are brought pursuant to Federal Rule of Civil Procedure 12(b)(6).  Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  In resolving a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

---

[1] This annexation was the subject of a motion for a temporary restraining order that the court denied.  In response to the motion, Johnson City filed an affidavit stating that this annexation did not pass a vote of the Johnson City Board of Commissioners.

"[T]he plaintiff must allege facts that, accepted as true, provide sufficient 'factual enhancement' to 'raise a right to relief above the speculative level.'" *Shaughnessy v. Interpublic Grp. of Cos., Inc.*, No. 11-1764, 2012 WL 5870131, at *3 (6th Cir. Nov. 21, 2012) (quoting *Twombly*, 550 U.S. at 555, 570.). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bowman v. United States*, 304 F. App'x 371, 374 (6th Cir. 2008) (citing *Ass'n of Cleveland Fire Fighters*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555)).

The State of Tennessee's motion is also brought pursuant to Fed. Rule Civ. P. 12(b)(1) for a lack of jurisdiction. Motions to dismiss for lack of subject matter jurisdiction brought pursuant to Rule 12(b)(1) fall into two categories, a facial attack or factual attack. *See United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994). A facial attack challenges the sufficiency of the pleading itself. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). In reviewing a facial attack, a trial court takes all material allegations in the complaint as true and construes them in the light most favorable to the non-moving party. *Ritchie*, 15 F.3d at 598; *Ohio Nat'l*, 922 F.2d at 325.

3

III.

*Analysis*

In its motion, the State of Tennessee initially argues that there is no jurisdiction because the State is not a "person" liable to suit under 42 U.S.C. § 1983 and the Eleventh Amendment bars suit against the State as well. "[A] State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Further, "[T]he Eleventh Amendment bars a citizen from bringing suit against the citizen's own State in federal court. . . ." *Welch v. Texas Dep't or Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987) (citations omitted).

In their response, plaintiffs concede the State's argument concerning jurisdiction and consent to the dismissal of the State. Plaintiffs then contend in their response that the State of Tennessee is not a proper party and it has no standing to assert a Rule 12(b)(6) motion as to the claims plaintiffs assert. However, the State Attorney General for the State of Tennessee is authorized pursuant to Tenn. Code Annotated § 8-6-109(9) to defend the constitutionality of state statutes and is permitted to intervene in a federal lawsuit pursuant to Fed. R. Civ. P. 24. In the present motion, the State argues the merits of the claims alleged in the complaint in the alternative to its jurisdictional argument. In its reply, the State reserves the right to intervene should it be dismissed as a party and should plaintiffs' unconstitutionality claims be permitted to proceed.

4

The court finds that there is no jurisdiction over the State of Tennessee based upon the Eleventh Amendment's bar to suit and the fact that the State is not a "person" under 42 U.S. § 1983. However, as will be discussed below, plaintiffs' claims will not withstand the motion to dismiss, and the entire case will be dismissed. The State will not need to intervene at a later time.

With the exception of the arguments concerning the Eleventh Amendment, defendant Johnson City adopts the arguments made by the State of Tennessee in its brief for dismissal of plaintiffs' claims. Thus, reference to defendants' argument refers to an argument made by both of these defendants.

Defendants argue *inter alia* that plaintiffs' complaint fails to state a claim under § 1983 because they have not identified a constitutional right that has been violated. Plaintiffs assert that they are attacking the statute itself, not the annexation and that their claim for unconstitutional vagueness is sufficient to state a cause of action. A reading of the complaint in the light most favorable to the plaintiffs reveals that plaintiffs are attempting to assert a claim of unconstitutional vagueness as to Tenn. Code Ann. § 6-58-111(a) and that based upon such a declaration seek to have the court enjoin further annexations and void the annexation that has already taken effect in relation to plaintiffs' property. However, for the reasons that follow, plaintiffs have not stated a claim for unconstitutional vagueness; thus they are not entitled to any relief, and their complaint will be dismissed.

**Count I**

Under count one, plaintiffs allege that Tenn. Code Ann. § 101 *et. seq.* does not define the terms "reasonable," "well-being," "health," "safety," and "welfare" as those terms are used in Tenn. Code Ann. § 6-58-111(a)(1)-(2). Plaintiffs also allege that those terms are vague and ambiguous and therefore they ask the court to declare Tenn. Code Ann. § 6-58-111(a) unconstitutionally vague. The court declines to do so. Section 6-58-111 provides in relevant part:

> (a) . . . Within a municipality's approved urban growth boundaries, a municipality may use any of the methods in chapter 51 of this title to annex territory; provided, that if a quo warranto action is filed to challenge the annexation, the party filing the action has the burden of proving that:
> (1) An annexation ordinance is unreasonable for the overall well-being of the communities involved; or
> (2) The health, safety, and welfare of the citizens and property owners of the municipality and territory will not be materially retarded in the absence of such annexation.
> (b) In any such action, the action shall be tried by the circuit court judge or chancellor without a jury.

The Fifth and Fourteenth Amendment Due Process Clauses provide the underlying foundation for the void-for-vagueness doctrine. *Belle Maer Harbor v. Charter Twp. of Harrison*, 170 F.3d 553, 556 (6th Cir. 1999). Pursuant to the requirements of due process, "an enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). "An ordinance is void for vagueness if a person of ordinary intelligence cannot reasonably interpret what is prohibited." *In re: Tenn. Pub. Indecency Statute*, Nos. 96-6512, 96-6573, 97-5924, 97-5938,

6

1999 WL 55276 at *4 (Jan. 13, 1999) (citing *Grayned*, 408 U.S. at 108).

"[I]t must be kept in mind that for a statute to be vague it must contain 'terms so vague that men of common intelligence must necessarily guess at its common meaning.'" *Id*. (quoting *Connally v. Gen. Const. Co.*, 269 US. 385, 391 (1929)). "[W]hen the meaning of a word or phrase is commonly understood, a statute's failure to define the term will not render the statute void for vagueness. The statute need not define with mathematical precision the conduct forbidden." *Id*. (internal citations omitted).

In ascertaining whether an ordinance is void for vagueness, the court "must extrapolate its allowable meaning while relegated, . . . to the words of the ordinance itself, to the interpretations [other courts have] given to analogous statutes, and, perhaps to some degree, to the interpretation of the statute given by those charged with enforcing it." *Grayned*, 408 U.S. at 110 (citations and footnotes omitted). In the process of extrapolation, the court must keep in mind that it does not have the "power to construe and narrow state laws." *Id*. (footnote omitted). Also, "in determining whether a statute is impermissibly vague, courts generally look to the common usage of statutory language, judicial explanations of its meaning, and previous applications of the statute to the same or similar conduct." *United States v. Kaylor*, 877 F.2d 658, 661 (8th Cir. 1989) (internal quotation marks and citations omitted).

The meaning of the terms "reasonable," "well-being," "health," "safety," and "welfare" can be readily understood by persons of ordinary intelligence. Furthermore, these terms have been used and interpreted in the context of the Tennessee annexation statutes for

7

decades. The public act of 1955 that established the general law governing annexation granted a property owner the right to challenge an annexation ordinance by a timely filed *quo warranto* action alleging that the annexation "*reasonably* may not be deemed necessary for the *welfare* of the residents and property owners of the affected territory and the municipality as a whole . . . ." *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d 695, 705-06 (Tenn. 2009) (citing Act of Mar. 1, 1995, § 2(b)).

Case law dealing with the annexation statutes in Tennessee reflects that for years the terms "health," "safety," and "welfare" have been associated with the types of services provided by a community or public government, such as water, electric, sewer, fire protection etc. *See State ex rel. Cope v. Mayor & Aldermen of Morristown*, 404 S.W.2d 798, 801 (Tenn. 1966) (garbage collection, water lines, electric service, sewer service, street maintenance and washing all services mentioned in context of welfare, health, and safety regarding annexation issue); *State ex rel. Hicks v. City of Chattanooga*, 513 S.W.2d 780, 781-82 (Tenn. 1974) (fire and police protection, sanitary sewers, garbage collection, schools and recreational facilities referenced in context of health, safety, and welfare regarding annexation issue); *State ex rel. Pitts v. Town of Smyrna*, No. 01-A01-9406-CH-00276, 1994 WL 716237, at *1 (Tenn. Ct. App. Dec. 28, 1994) (municipal services such as police protection, fire protection, ambulance service, water service, garbage service, and waste disposal system in context of health, safety, and welfare of citizens regarding annexation issue). There is nothing vague or ambiguous about these terms as used in the statute.

8

With regard to the term "reasonable," the Tennessee Supreme Court has delineated factors for consideration in determining the reasonableness of an annexation ordinance. Those factors include:

> a. the necessity for, or use of, municipal services;
>
> b. the present ability and intent of the municipality to render municipal services when and as needed;
>
> c. whether the annexation is for the sole purpose of increasing municipal revenue without the ability and intent to benefit the annexed area by rendering municipal services.

*City of Kingsport v. State ex rel. Crown Enterprises, Inc.*, 562 S.W.2d 808, 812 (Tenn. 1978). Consideration should also be given to "whether the annexation will benefit the citizens of the municipality, and whether the growth of the annexing municipality will be inhibited absent the annexation." *Pitts*, 1994 WL 716237, at *1 (citations omitted). "While other factors may be considered, the primary test of the reasonableness of an annexation ordinance must be the planned and orderly growth and development of the city, taking into consideration the characteristics of the existing city and those of the areas proposed for annexation." *State ex rel. Collier v. City of Pigeon Forge*, 599 S.W.2d 545, 548 (Tenn. 1980). There is ample explanation for the term "reasonable" in the context of the annexation statute.

In addition, the Tennessee Court of Appeals interpreted Tenn. Code Ann. § 6-58-111(a) in *State ex rel. Tipton v. City of Knoxville*, 205 S.W.3d 456 (Tenn. Ct. App. 2006). Tenn. Code Ann. § 6-58-111(a)(1)-(2) was the applicable annexation provision in that case, so the plaintiffs had to prove that either 1) the ordinance was unreasonable or 2) that "the

9

health, safety, and welfare of the citizens and property owners of the municipality and territory will not be materially retarded in the absence of such annexation." *Id*. at 462. The plaintiffs chose as their burden of proof the latter. The court of appeals held that the "[p]laintiffs were required to prove that annexation would not materially benefit the health, safety, and welfare of the citizens and property owners of the City and the affected territory." *Id*. The court also determined:

> Whether annexation is materially beneficial to the affected territory depends not only upon what services the municipality will provide after annexation, but also upon those services the municipality already provides to the affected territory. The fact that an affected territory already receives municipal services demonstrates that the affected territory benefits from those services and that the welfare of the property owners in the affected territory is enhanced by those services.

*Id*. at 462-63.

Accordingly, the terms "reasonable," "well-being," "health," "safety," and "welfare" are readily understandable by a person of ordinary intelligence. Furthermore, the terms are not vague or ambiguous in this annexation statute. This allegation fails to state a claim upon which relief can be granted.

### Count II

In count two, plaintiffs allege that the burdens of proof set out in Tenn. Code Ann. § 6-58-111(a) and § 6-51-103(c) are materially different and irreconcilable, rendering

§ 6-58-111 constitutionally infirm.[2] This contention is without merit. Pursuant to § 6-58-111(a), the party challenging the annexation has the burden of proof. Under § 6-51-103(c), the municipality has the burden of proof. These sections have in fact been reconciled and explained by the Tennessee Court of Appeals in *Tipton*. The court of appeals in *Tipton* stated:

> Section 6-58-111 applies to *quo warranto* proceedings contesting an annexation of territory by a municipality within its approved urban growth boundary. When the General Assembly enacted § 6-58-111(a) it created incentives to encourage local governments to develop approved growth plans. Thus, the General Assembly intended for all counties to eventually develop growth plans with the result that § 6-58-111 would eventually apply to all annexation proceedings. Since the provisions allowed for a period of time for approving growth plans, it followed that some counties would not. Thus, § 6-51-103(a),(c),(d) was retained to govern annexation contests in counties without approved growth plans.
>
> A disjunctive construction of the word "or" in § 6-58-111(a)(1)-(2) does not render §§ 6-58-111 and 6-51-103 irreconcilable because *the burdens of proof established in these statutes are not applied simultaneously. Section 6-58-111(a) applies to annexations of territory within a municipality's approved urban growth boundary and § 6-51-103(a),(c),(d) applies to annexations that occur in counties without an approved growth plan. These sections are reconciled because they apply to different situations, and are not ambiguous*.

*Id*. at 461 (internal citations omitted) (emphasis added). Tennessee case law has explained

---

[2] Plaintiffs state in paragraph 26 of the complaint, "The requirements of TCA § 6-58-111(a) must be read *in para materia* with TCA § 6-58-111(a)" and in paragraph 27, "The differences in the requirements of TCA § 6-58-111(a) and TCA § 6-58-111(a) are irreconcilable." Since these allegations make no sense, the court presumes plaintiffs meant to insert in each of these statements a reference to Tenn. Code Ann. § 6-51-103.

and reconciled the different burdens of proof in the two statutory provisions. Anyone challenging an annexation in a *quo warranto* proceeding can easily determine the applicable burden of proof by learning whether the subject territory is within an approved urban growth boundary or within a county that is without an approved growth plan. The allegations in count two are groundless and fail to state a claim.

### Count III

Plaintiffs allege in count three of the complaint that they "have a Constitutional right to trial by jury in an action challenging an annexation." Since counts one and two have been dismissed, count three is moot. Nevertheless, even if this claim is considered on its merits, it fails to state a claim for relief.

Plaintiffs do not identify the basis for the constitutional right to a jury trial they are asserting, whether it is based upon the Tennessee or United States Constitution, but a claim based upon either fails. The Seventh Amendment right under the United States Constitution to a jury trial does not apply to suits decided by state courts; it relates only to trials in federal courts. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 719 (1999); *Curtis v. Loether*, 415 U.S. 189, 192 n.6 (1974); *Walker v. Sauvinet*, 92 U.S. 90 (1875). Thus, to the extent plaintiffs are alleging a constitutional right to a jury trial based upon the Seventh Amendment, the claim fails.

The issue of whether the Tennessee Constitution guarantees a right to a jury trial to the plaintiffs in this case has already been decided by the Tennessee Court of Appeals in *Tipton*. In *Tipton*, the plaintiffs contended that they were entitled to a jury trial in the *quo warranto* action they brought to contest an annexation pursuant to Tenn. Code Ann. § 6-58-111. The plaintiffs argued that Article I, § 6 of the Tennessee Constitution guarantees a jury trial in a *quo warranto* action. The Court of Appeals disagreed, affirming the trial court's holding that the plaintiffs were not entitled to a jury trial. The court of appeals looked at the Tennessee Constitution and the old writ of *quo warranto* and concluded that "[b]ecause the *quo warranto* action is a remedy created after the formation of our Constitution, Article I, § 6 of the Tennessee Constitution does not guarantee a jury trial in such a proceeding." *Id*. at 468 (internal quotation marks and citation omitted). Therefore, plaintiffs' allegation that they have a right to a jury trial under Tenn. Code Ann. § 6-58-111 fails to state a claim for relief.

IV.

*Conclusion*

Accordingly, for the reasons stated herein, defendants' motions to dismiss will be granted, and this case will be dismissed. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge